## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MIGUEL TRUJILLO,

      Petitioner,

v.                          No. CV 19-730 JB/CG

DWAYNE SANTIESTEVAN, WARDEN,
and HECTOR BALDERAS, ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte* under Rule 4 of the Rules Governing Section 2254 Proceedings on the *Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1), filed by Petitioner Miguel Trujillo. The Court will order Mr. Trujillo to show cause why the Petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

Mr. Trujillo filed his § 2254 Petition on August 9, 2019. (Doc. 1). In his Petition, he states that he is challenging his convictions for Murder in the First Degree, two counts of Extortion, two counts of Tampering With Evidence, and Felon in Possession of a Firearm in the State of New Mexico, County of Santa Fe, First Judicial District, cause nos. D-101-CR-2000-00229, D-101-CR-2000-00284, and D-101-CR-1999-00677. (Doc. 1 at 1, ¶¶ 1-5). Mr. Trujillo was convicted by a jury, was sentenced in cause nos. D-101-CR-2000-00229, D-101-CR-2000-00284, and D-101-CR-1999-00677, and Judgment was entered on October 26, 2001. (Doc. 1 at 1, ¶ 2). Mr. Trujillo filed a direct appeal to the New Mexico Supreme Court on November 26, 2001. The Supreme Court

affirmed his convictions and issued its final Mandate on September 9, 2003. (Doc. 1 at 2, ¶ 9).

Mr. Trujillo then filed a New Mexico habeas corpus petition in the First Judicial District, County of Santa Fe, State of New Mexico cause no. D-101-CV-2004-00649 on April 1, 2004. (Doc. 1 at 3, ¶ 11). The state court petition remained pending and was amended multiple times until its dismissal on July 3, 2017 and April 4, 2018. (Doc. 1 at 6, ¶ 12(d)). Mr. Trujillo's Petition for Writ of Certiorari was denied by the New Mexico Supreme Court on July 13, 2018. (Doc. 1 at 6, ¶ 12(d)(6)).

While his state habeas corpus petition was pending, Mr. Trujillo also filed a habeas corpus proceeding in this Court, No. CV 07-00685 MCA/ACT. That proceeding was dismissed without prejudice for failure to exhaust state court remedies on September 29, 2008. *See* CV 07-00685, Doc. 39, 41, 42. Mr. Trujillo filed his current § 2254 Petition on August 9, 2019. (Doc. 1). Mr. Trujillo asks this Court to: "1. Reverse convictions, vacate sentences 2. Remand for new trial with meaningful change of venue, 3. Release from confinement." (Doc. 1 at 15).

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed,
> if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The 1-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a state habeas corpus petition is filed. However, tolling occurs only when "a properly filed application for [s]tate post-conviction" relief is "pending." *See id.* § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638 (2010). A § 2254 petition filed after the 1-year period has expired is time-barred. 28 U.S.C. § 2244(d).

The 1-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates

3

that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

It appears that Mr. Trujillo's New Mexico conviction and sentence became final no later than September 9, 2003 and the 1-year AEDPA limitation period commenced running on that date. 28 U.S.C. § 2244(d)(1)(A). Mr. Trujillo did not file his state Petition for Writ of Habeas Corpus until April 1, 2004. (Doc. 1 at 3). A total of 205 days elapsed between the date on which his conviction became final and the date he filed his state court petition. The running of the statute of limitations was then tolled from the date he filed his Petition, April 1, 2004, until the New Mexico Supreme Court denied certiorari and entered its final Mandate on July 17, 2018. 28 U.S.C. § 2244(d).

The 1-year AEDPA statute of limitations commenced running again after July 17, 2018, when his Petition for state collateral review was no longer pending in state court. Mr. Trujillo waited until August 9, 2019 to file his § 2254 Petition in this Court. A total of 388 days elapsed between the date the New Mexico Supreme Court entered its Mandate and Mr. Trujillo filed his § 2254 Petition. Mr. Trujillo's Petition was filed more than one year after the decision on his state Petition for collateral review became final

and, on the face of his Petition, Mr. Trujillo's § 2254 claim appears to be time-barred under 28 U.S.C. § 2244(d)(1).

Mr. Trujillo may contend that he placed his federal § 2254 Petition in the prison mailbox system on July 1, 2019 and, therefore, the filing date for his Petition should be July 1, 2019. (Doc. 1 at 15). Mr. Trujillo's certification, however, does not comply with the requirements of the Prison Mailbox Rule, and the filing date for his Petition is August 9, 2019, when the Petition was received by this Court. *See, e.g., Price v. Philpot,* 420 F.3d 1158, 1165-67 (10th Cir. 2005); *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143-46 (10th Cir. 2004); *Smith,* 182 F.3d at 734 n. 1. Moreover, even if the July 1, 2019 date is treated as the filing date, Mr. Trujillo's Petition would still be time-barred because 205 days of the 1-year time period had already elapsed by the time Mr. Trujillo filed his state court petition. *Carey v. Saffold*, 536 U.S. at 219–20. The 205 days that elapsed prior to April 1, 2004 and the 349 days that elapsed between the New Mexico Supreme Court's denial of certiorari and the filing of Mr. Trujillo's § 2254 Petition exceeds the one-year statute of limitations provided in the AEDPA. § 2244(d)(1).

The Court will order Mr. Trujillo to show cause within 30 days of entry of this Order why Mr. Trujillo's claims should not be dismissed as time-barred by the 1-year statute of limitations of the AEDPA. Mr. Trujillo is notified that, if he fails to show cause as required by this Order, his claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Petitioner Miguel Trujillo show cause within 30 days of entry of this Order why his *Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1), should not be dismissed as barred by 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE