# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MIGUEL TRUJILLO,

   Petitioner,

vs.                No. CIV 19-0730 JB\CG

DWAYNE SANTISTEVAN and
THE ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO

   Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus by a Person in State Custody, filed August 9, 2019 (Doc. 1)("Petition").   Petitioner Miguel Trujillo challenges the constitutionality of his state court convictions for, among other things, first degree murder and extortion.   <u>See</u> Petition, at 1.   The Honorable Carmen Garza, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Trujillo to show cause why the Court should not dismiss his Petition as untimely under 28 U.S.C. § 2244(d)(1)(A).   <u>See</u> Order to Show Cause, filed February 9, 2020 (Doc. 9).   Having reviewed the Petitioner's Answer to Court's Order to Show Cause Argument and Objection To Dismissal of Section 2254 Petition, filed March 9, 2020 (Doc. 10)("Response"), the record, and applicable law, the Court will dismiss this habeas action with prejudice.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The following background information is from the Petition and Trujillo's state court criminal dockets, Case Nos. D-101-CR-1999-00677; D-101-CR-2000-00229; and D-101-CR-

2000-00284, which are subject to judicial notice.   See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(noting that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

In 1999 and 2000, the State of New Mexico charged Trujillo with first degree murder, extortion, tampering with evidence, and possessing a firearm as a felon.   See Petition ¶ 5, at 1. The charges generated three separate criminal cases, 1st Judicial Dist. Ct., County of Santa Fe, State of New Mexico, Case Nos. D-101-CR-1999-00677; D-101-CR-2000-00229; and D-101-CR-2000-00284.   See Petition ¶ 5, at 1.   The state court dockets reflect that Case No. D-101-CR-2000-00284 was the lead case, and the state court entered joint filings on that docket.   Compare Docket Sheets in State of New Mexico Case Nos. D-101-CR-1999-00677, D-101-CR-2000-00229, and D-101-CR-2000-00284.   A jury convicted Trujillo of the above-mentioned charges on or about October 19, 2011.   See Verdict: Guilty, Case No. D-101-CR-2000-00284.   The state court sentenced Trujillo to two consecutive life sentences, plus thirty-years imprisonment.   See Petition ¶ 2(b), at 1.

The state court entered Judgment on the conviction and sentence on October 26, 2001.   See Petition ¶ 2(b), at 1; Judgment, Sentence, and Commitment, Case No. D-101-CR-2000-00284. Petitioner filed a direct capital appeal with the Supreme Court of New Mexico.   See Petition ¶ 9, at 2.   On August 5, 2003, the Supreme Court of New Mexico affirmed the convictions and sentence.   See Petition ¶ 9, at 2.   Trujillo sought reconsideration of the Supreme Court of New Mexico's decision, and he alleges the Supreme Court of New Mexico ruled on the request.   See

Petition ¶ 9, at 2.   The Supreme Court of New Mexico docket sheet reflects, however, that it denied the motion to reconsider with an Order entered September 5, 2003.   See Order Denying Request, Case No. S-1-SC-27271 (S. Ct. N.M).   The Supreme Court of New Mexico entered a final mandate memorializing its appellate ruling on September 8, 2003.   See Mandate No. 27,271, Case No. S-1-SC-27271 (S. Ct. N.M.).   Trujillo did not seek certiorari review with the Supreme Court of the United States.   The conviction therefore became final, at the latest, on December 8, 2003, following expiration of the ninety-day period for seeking federal certiorari review.   See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)(holding that, where the defendant fails to seek certiorari review following a direct appeal, the conviction becomes final after the ninety-day Supreme Court of the United States certiorari period has passed).

After entry of the Judgment, 115 days passed with no tolling activity.   See Petition ¶ 11, at 3; Docket Sheet, Case No. D-101-CR-2000-00284.   On April 1, 2004, Trujillo filed a state habeas petition.   See Petition ¶ 11, at 3.   Trujillo generated a new state court case, Case No. D-101-CV-2004-00649, 1st Judicial Dist. Ct., County of Santa Fe, State of New Mexico.   For reasons unknown, the state habeas petition remained pending for fourteen years.   On April 4, 2018, the state court entered an Order denying habeas relief.   See Petition ¶ 8, at 3; Final Order on Petition for Writ of Habeas Corpus, No. D-101-CV-2004-00649.   Trujillo sought certiorari review with the Supreme Court of New Mexico.   See Petition ¶ 12(d)(6), at 6.   The Supreme Court of New Mexico denied the petition for writ of certiorari on July 13, 2018.   See Petition ¶ 12(d)(6), at 6; Order, Case No. S-1-SC-37043 (S. Ct. N.M.).   That ruling concluded the state court proceedings.

On August 9, 2019, Trujillo filed the federal 28 U.S.C. § 2254 Petition.   See Petition at   1.

He challenges his state court convictions' constitutionality based on ineffective assistance of trial counsel, due process violations, evidentiary errors, and prosecutorial misconduct.  See Petition ¶ 12, at 5, 7-8, 10.   The Court referred the matter to Chief Magistrate Judge Garza, for recommended findings and disposition, and to enter non-dispositive orders.   See Order Referring Case, filed August 12, 2019 (Doc. 6).   Chief Magistrate Judge Garza screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred.   See Order to Show Cause; Day v. McDonough, 547 U.S. at 209 (stating that, as part of the initial review process, "district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").   The Order to Show Cause directed Trujillo to demonstrate why the court should not dismiss the case as untimely.   See Order to Show Cause at 5.

Trujillo filed his Response on March 9, 2020.   He attempts to overcome the time-bar by arguing that: (i) he filed his federal petition on July 1, 2019, and is entitled to the benefit of the Prison Mailbox Rule; and (ii) his first state habeas attorney was ineffective, and the state public defender's office did not provide new counsel until 2006.   See Response at 2-7.   The matter is fully briefed and ready for review.

## LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS

A one-year statute of limitations governs writ-of-habeas-corpus petitions that a person in state custody files under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").   See 28 U.S.C. § 2244(d).   Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final.  See 28 U.S.C. § 2244(d).  The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review.  See 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a petitioner files a state habeas corpus petition.  Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending."  28 U.S.C. § 2244(d)(2).  A state habeas petition is pending and tolls the running of the statute of limitations from the date it is filed until it has achieved final

resolution through the state's post-conviction procedures.  See Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Holland v. Florida, 560 U.S. 631, 635, 638 (2010).  A state habeas petition submitted after the one-year deadline does not, however, toll the limitations period.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting that the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period . . . .").

The one-year statute of limitations may also be subject to equitable tolling.  Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure to timely file.  See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling.  See Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998).

A petitioner "must show that he can satisfy the procedural requirements of" § 2244(d) "[b]efore [the court can] address[] the merits of [his] claims."  United States v. Greer, 881 F.3d 1241, 1244 (10th Cir.), cert. denied, 139 S. Ct. 374 (2018).  Accordingly, federal courts have authority to consider sua sponte a habeas petition's timeliness.  See Wood v. Milyard, 566 U.S. 463, 472-73 (2012); Day v. McDonough, 547 U.S. at 209.

## LAW REGARDING § 2254 HABEAS CORPUS RELIEF

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides that a "district court shall entertain an application for a writ of habeas corpus

in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that a state court adjudicated on its merits, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1)-(2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer to those reasons if they are reasonable." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the Supreme Court's holdings as of the time of the relevant state court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000). Under § 2254(d)(1),

a state court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [the Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. at 405-06.   A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A state court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. at 407-08.   A court undertakes this objective unreasonableness inquiry in view of the governing rule's specificity: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).   An unreasonable federal law application is not the same as an incorrect federal law application.   See Williams v. Taylor, 529 U.S. at 410.   A federal court may not issue a habeas corpus writ simply because that court concludes the state court decision applied clearly established federal law erroneously or incorrectly -- the application must also be unreasonable.   See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98.   The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents.   See Harrington v. Richter, 562 U.S. at 102.

## ANALYSIS

Trujillo challenges the constitutionality of his state court convictions for murder, extortion, tampering with evidence, and possessing a firearm as a felon.   See Petition ¶ 5, at 1.   As the Order to Show Cause notes, however, he did not file his Petition within the one-year limitation period. See Order to Show Cause at 5.   The conviction became final -- and the one-year period began to run -- no later than December 8, 2003, following direct appeal and expiration of the ninety-day period for seeking federal certiorari review.[1]   See Rhine v. Boone, 182 F.3d at 1155 (stating that, where the petitioner fails to seek file certiorari review following a direct appeal, the conviction becomes final after the ninety-day certiorari period has passed).   One-hundred and fifteen days elapsed before Trujillo filed his state habeas petition on April 1, 2004, which stopped the clock pursuant to 28 U.S.C. § 2244(d)(2).   The state habeas proceeding remained pending until July 13, 2018, when the Supreme Court of New Mexico denied certiorari review.   See Petition ¶ 12, at 6. See also Lawrence v. Florida, 549 U.S. 327, 332 (2007)(holding that for purposes of § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review").   "The next day [July 14, 2018] statutory tolling ceased," and the remaining

---

[1]The Order to Show Cause initially observed that the one-year period began to run on September 9, 2003, based on the Trujillo's description of the Supreme Court of New Mexico proceedings.   See Petition ¶ 9, at 2.   His Response, however, attached state court documents that provide more detailed information about the state court case numbers and proceedings.   See Response at 8.   Upon researching those additional cases, the Court concludes that Trujillo's criminal Judgment became final no later than December 8, 2003.   See Mandate No. 27,271, Case No. S-1-SC-27271 (S. Ct. N.M.).   This new date benefits Trujillo but does not change the result in this proceeding.

"time for filing a federal habeas petition [here, 250 days[2]] resumed . . . ."  Trimble v. Hansen, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019)(addressing complex tolling calculations).  The state court docket reflects no additional tolling activity in any case during the next 250 days, and the one-year limitation period expired on March 21, 2019.  See Docket Case Nos. D-101-CR-1999-00677,  D-101-CR-2000-00229,  and  D-101-CR-2000-00284.   Absent tolling, the § 2254 proceeding filed on August 9, 2019, is time-barred.

In his Response, Trujillo argues that the § 2254 proceeding is timely under the prison mailbox rule.  See Response, at 1-2.  The prison mailbox rule provides that a pro se prisoner's filing will be considered timely if given to facility officials for mailing before the filing deadline, regardless when the court receives the documents.  See Price v. Philpot, 420 F.3d 1158, 1164, 1166 (10th Cir. 2005).  Assuming Trujillo placed his federal Petition in the prison mail system on July 1, 2019, as he asserts, it would have no impact on this proceeding.  The limitations period expired, at the latest, on March 21, 2019.

Trujillo also appears to seek equitable and statutory tolling, because his first state habeas attorney, Daniel Salazar, was ineffective.  See Response at 3-4.  Trujillo contends that Mr. Salazar's performance during his state habeas proceeding constitutes unconstitutional state action that impeded the filing of a federal habeas petition.  See 28 U.S.C. § 2244(d)(1)(B) (stating that petitioners are entitled to statutory tolling where "State action in violation of the Constitution

---

[2] The Court arrived at this figure by subtracting the number of days that initially elapsed -- 115 -- from the one-year period, that is, 365 days in a year minus 115 days equals 250 remaining days.

or laws of the United States . . . prevented [them] from filing" a federal habeas petition).   He also contends that he is entitled to equitable tolling based on the issues with Mr. Salazar.   As explained above, such tolling is available only where "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."   Marsh v. Soares, 223 F.3d at 1220.

The attachments to the Response reflect that Mr. Salazar represented Trujillo in the state habeas proceeding between 2004 and 2006.   See Response at 8-9.   On August 9, 2006, the state court ordered the public defender's office to appoint new counsel after Mr. Salazar did not file necessary pleadings in the state habeas case.   See Petition at 9-10.   The state court docket reflects that attorney Geoffrey Scovil entered an appearance in the state habeas case on Trujillo's behalf on December 1, 2006.   See Entry of Appearance, Case No. D-101-CV-2004-00649.   Trujillo gives no indication that Mr. Scovil caused further problems.   Trujillo also does not demonstrate how any issues with Mr. Salazar in 2006 prevented Trujillo from timely filing his federal petition in 2019. Trujillo received the benefit of tolling from 2004 to 2018, during the state habeas proceedings' pendency.   Any delays that Mr. Salazar caused in the state proceeding therefore do not "expla[i]n[] . . .[Trujillo's] failure to file his federal habeas petition within a year after his . . . [Judgment] became final."   Mullins v. Allbaugh, 663 F. App'x 628, 631 (10th Cir. 2016).[3]   See Loving v.

---

[3]Mullins v. Allbaugh is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored.   However,

Mahaffey, 27 F. App'x 925 (10th Cir. 2001)(concluding that petitioner was not entitled to tolling where federal filing "delay [was not] explained by [petitioner's] attorney's failure to file a notice of appeal").

Based on his arguments about the prison mailbox rule and his dissatisfaction with counsel, the Court discerns that Trujillo misunderstood how to calculate the one-year limitation period and initially believed his federal petition was timely.  This misunderstanding explains why he was careful to place his Petition in the mail by July 1, 2019, so that it would be filed one year after the state habeas proceedings concluded on July 13, 2018.  To the extent Trujillo did not realize that 115 days of the one-year period had already elapsed before he filed the state habeas proceeding, however, this misunderstanding is not grounds for equitable tolling.  "It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."  Marsh v. Soares, 223 F.3d at 1229.  Equitable tolling is also not available based on state "counsel's failure to notify [Trujillo] of the [federal] statute of limitations."  Montoya v. Milyard, 342 F. App'x 430, 432 (10th Cir. 2009).  See Holland v. Florida, 560 U.S. 631, 651-52 (2010)("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.").

---

if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Mullins v. Allbaugh, Montoya v. Milyard, 342 F. App'x 430 (10th Cir. 2009), and Loving v. Mahaffey, 2001 WL 1564057, * 1 (10th Cir. Dec. 10, 2001), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Based on the foregoing, the Court concludes that Trujillo's Response does not establish grounds for tolling.   The one-year limitation period expired no later than March 21, 2019, and the Petition filed August 9, 2019 -- or July 1, 2019, if the prison mailbox rule applies -- is time-barred. The Court will dismiss the Petition with prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Slack v. McDaniel, 529 U.S. 473, 484 (2000).   For the reasons above, Trujillo has not demonstrated the time-bar is debatable.   The Court therefore will deny a certificate of appealability.

**IT IS ORDERED** that: (i) Petitioner's Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus by a Person in State Custody, filed August 9, 2019 (Doc. 1), is dismissed with prejudice; (ii) a certificate of appealability is denied; and (iii) a separate Final Judgment will be entered disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Miguel Trujillo
Lea County Correctional Facility
Hobbs, New Mexico

   *Pro se petitioner*